UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

SUNTRUST BANK,

    Plaintiff,

vs.                                             Case No. 8:09-cv-00818-T-17-EAJ

KEVIN MCCULLOUGH a/k/a

KEVIN SAMUEL MCCULLOUGH a/k/a

KEVIN S. MCCULLOUGH,

    Defendant.

_____/

## ORDER ON PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

This cause comes before the Court on Plaintiff's Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12 (c), (Dkt. 9), filed August 27, 2009, and Defendant's response thereto, (Dkt. 16), filed September 30, 2009. For the reasons set forth below, Plaintiff's motion is denied. The following facts are taken from the pleadings in this case.

## FACTS

On May 26, 2006, Defendant, Kevin McCullough ("McCullough"), borrowed from the Plaintiff, SunTrust Bank ("SunTrust"), $180,000.00 through an equity line of credit ("Instrument"). SunTrust is a corporation organized and incorporated under the state of Georgia and is the owner and holder of the instrument. McCullough is a resident of the state of Florida. This Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332 (a).

1

## PROCEDURAL POSTURE

SunTrust filed its complaint on April 30, 2009. McCullough responded with an answer and affirmative defenses on May 26, 2009. Subsequently, SunTrust filed this motion on August 27, 2009, and McCullough responded in opposition on September 30, 2009.

## STANDARD OF REVIEW

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12 (c). Judgment on the pleadings is appropriate where, based on the pleadings, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Scott v. Taylor,* 405 F.3d 1251, 1253 (11th Cir. 2005) (*citing Cannon v. City of West Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)). However, on a motion for judgment on the pleadings, the Court is not allowed to consider any matter that is outside of the pleadings. If matters outside the pleadings are presented and are not excluded by the Court then the motion must be treated as one for summary judgment. Fed. R. Civ. P. 12 (d).

## DISCUSSION

In its motion for judgment on the pleadings, Plaintiff submitted an affidavit from SunTrust regarding the amounts due on McCullough's loan. (Dkt. 9, Exhibit 1). This affidavit was not included in SunTrust's complaint and falls outside of the original pleadings. For purposes of this motion, this Court excludes the affidavit from its consideration, because to do otherwise would deny the parties of the reasonable opportunity to present all the material that is

pertinent to a motion for summary judgment. *See* Fed. R. Civ. P. 12 (d). Therefore, judgment is based solely on the pleadings and the exhibits attached thereto.

Judgment on the pleadings is appropriate where, based on the pleadings, there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. *Scott,* 405 F.3d at 1253. SunTrust's complaint alleges that McCullough failed to make scheduled payments on the instrument and is in default, (Dkt. 1 ¶ 7), and, that McCullough is indebted to SunTrust for the unpaid amount of the instrument (Dkt. 1 ¶ 8). SunTrust further alleges that it is entitled to judgment against McCullough for the amount due. (Dkt. 1 ¶ 9). McCullough denies all of these allegations. (Dkt. 5, ¶¶ 7—9).

In its motion for judgment on the pleadings, SunTrust argues that paragraphs eight and nine of McCullough's answer do not sufficiently deny default because they "merely disputed the amount of the indebtedness." (Dkt. 9). While McCullough did supplement his denials with statements that he denies the amount of debt in question because he has not been provided a full accounting, McCullough is a *pro se* defendant and does not have the same knowledge of pleading standards as does SunTrust's attorneys. This Court finds it unreasonable to negate McCullough's initial denial of default, (Dkt. 5 ¶ 7), simply because he supplemented his subsequent denials regarding the amount of default and amount owed to SunTrust with an explanation. SunTrust's complaint lacks any further documentation regarding the default, thus, this Court will accept McCullough's denial as true. Therefore, based solely on the pleadings, a genuine issue of material fact exists and judgment as a matter of law is inappropriate.

SunTrust also argues that McCullough has failed to set forth any affirmative defenses applicable to this case. This Court agrees with SunTrust in that McCullough's defenses of fraud, the existence of a superior lien, and lack of an accounting are futile. However, McCullough's defense of improper notice may be applicable.

The Florida Commercial Code lists several defenses that can be asserted against another's right to enforce a negotiable instrument. 39 Fla. Stat. § 673.3051. Included in this list is, "Fraud that induced the obligor to sign the instrument with neither knowledge nor reasonable opportunity to learn of its character or its essential terms." 39 Fla. Stat. § 673.3051 (1)(a)(3). One who relies on fraud as an affirmative defense to the enforcement of a negotiable instrument must be free from negligence and bears the burden of pleading and proving the fraud. *Ross v. Richter,* 187 So. 2d 653, 654 (Fla. 2d Dist. App. 1966). While McCullough has pleaded fraud, § 673.3051 (1)(a)(3) states that fraud applies when the obligor signs the instrument without knowledge or reasonable opportunity to learn of the character of the instrument. McCullough's answer admits that he signed the instrument with knowledge of what the instrument was, (Dkt. 5, ¶ 5), and, therefore, cannot meet his burden of proving the fraud. Thus, this Court agrees with SunTrust that McCullough's defense of fraud is inappropriate.

This Court also agrees with SunTrust in that SunTrust may foreclose or bring suit on the instrument regardless of whether another lien exists on the property. Additionally, the superior

lien is not at issue at this moment because SunTrust is seeking an entry of judgment and is not, at this time, attempting to execute a judgment against the property through foreclosure or some other means.

McCullough also asserts that no accounting has been provided regarding SunTrust's claim. The Florida Code does not require that an accounting be submitted with a notice of dishonor. *See generally* 39 Fla. Stat. § 673.5031. Instead, it requires that the notice reasonably identify the instrument and indicates that the instrument has been dishonored. 39 Fla. Stat. § 673.5031 (2). However, this Court cannot entirely agree with SunTrust's statement that service of the complaint serves as notice to the default. While the definition of notice under the Florida Statutes would encompass a complaint, the terms of the instrument state, "No default will occur until we [SunTrust] mail or deliver notice of default to you, *so you can restore your right to credit advances.*" (Dkt. 1, Exhibit A) (emphasis added). This provision seems to suggest that, in the event of default, notice, separate from the service of a complaint, would be provided to the obligor so that they may rectify the situation. Based on this interpretation, McCullough may have a viable defense regarding improper notice. Therefore, this Court will not agree with SunTrust that McCullough's defense of improper notice is without merit and will allow the parties to go forth with discovery so that the issue can be resolved in further proceedings.

## **CONCLUSION**

As a result, this Court denies Plaintiff's motion for judgment on the pleadings because genuine issues of material fact exist within the pleadings. Accordingly, it is:

**ORDERED** the Plaintiff's Motion for Judgment on the Pleadings be **DENIED** and the parties must confer and file a case management within thirty days from the date of this order so that this case may go forward with discovery.

**DONE AND ORDERED** in Chambers, in Tampa Florida on this 17th day of November, 2009.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies To: All Parties and Counsel of Record.